UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN,<br><br>                              Plaintiff,<br><br>v.<br><br>NSA DIRECTOR P. NEKESON et al.,<br><br>                             Defendants. | Case No.: 20-cv-58-CAB-BGS<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING COMPLAINT** |

On January 8, 2020, Plaintiff, a former prisoner but since released, filed a complaint purporting to allege violations of his constitutional rights. [Doc. No. 1.] The Court reviews Plaintiff's complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed *in forma pauperis* ("IFP"). Under this mandatory screening, the Court finds that Plaintiff's complaint does not sufficiently state a claim for relief and is frivolous. Accordingly, the Court grants Plaintiff's IFP motion, [Doc. No. 2], and dismisses Plaintiff's complaint without leave to amend.

### I. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff

is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. Civ LR 3.2.a.

Here, Plaintiff's application demonstrates that Plaintiff lacks the financial resources to pay the filing fees and still afford the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015); *see also* 28 U.S.C. § 1915(a). Accordingly, the Court **GRANTS** Plaintiff's IFP motion.

Notwithstanding the foregoing, a complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and *sua sponte* review and dismissal should the Court determine, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted).

## II. BACKGROUND

According to the Complaint, Plaintiff Lance R. Martin has been incarcerated in various prisons and was most recently released on parole from Richard J. Donovan ("RJD") in San Diego, California. [Doc. No. 1 at 6.] Plaintiff names as defendants in this case Nancy Pelosi, the Speaker of the House; the National Security Agency, ("NSA"); Paul Nakasone, the Director of the NSA; William Barr, the United States Attorney General; Kamala Harris, the former Attorney General of California; Salvador Hernandez, the Assistant Director of the FBI; Judge Stephanie Sontag of the San Diego County Superior Court; Judge Roger Benitez of this Court; Ralph Diaz, a Correctional Secretary of the California Department of Corrections and Rehabilitation; and Dean, a District Attorney in El Cajon. [*Id*. at 5– 6.]

Plaintiff alleges that defendants are illegally using surveillance equipment by way of a warrantless wiretap of his cellular phone, illegally collecting his emails, messages, and phoneline numbers for four years, constituting an unreasonable search and seizure of his person. [*Id*. at 6.] At some point prior to his release from RJD, Plaintiff was called into the Institutional Gang Investigators Office where a sergeant asked him if he was a member of the terrorist organization ISIS. [*Id*.] Plaintiff denied the allegation stating that he has no ties to any middle eastern people whatsoever and poses no threat to the United States of America. [*Id*.] Due to this interaction, it appears Plaintiff is alleging that all of the named defendants in this case have engaged in some form of surveillance and harassment of Plaintiff. [*Id*. at 6–7.] Plaintiff alleges, *inter alia*, that his phone and laptop are interfered with daily and people who Plaintiff calls are being told what to say or how to act towards

Plaintiff because he was wrongly placed in the NSA program under false fears of being a home-grown terrorist. [*Id*.] Plaintiff further alleges that after he was discharged from parole, defendants have continued to electronically monitor him through other agencies. [*Id*. at 11.] Plaintiff attaches as evidence photographs of police cars, transit police, and amazon prime vans showing up to different locations where Plaintiff is driving or riding the San Diego trolley. [*Id*.; 17 – 19.]

## III. DISCUSSION

The Complaint purports to assert a claim for an unreasonable search and seizure in violation of Plaintiff's fourth and fourteenth amendment rights. [*Id*. at 4.] A preliminary review of Plaintiff's Complaint shows his suit is subject to *sua sponte* dismissal pursuant to 28 U.S.C. §1915(e)(2)(B) because it is plainly frivolous and fails to state a claim.

A pleading is "factual[ly] frivolous[]" under § 1915 if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 25–26. Plaintiff's complaint contains irrational and implausible allegations that all of the above-named defendants from wholly different agencies and positions have engaged in some form of illegal surveillance of Plaintiff. Plaintiff bases these allegations largely on his apparent technological issues with his cell phone and laptop, and his unsubstantiated belief that he is being electronically monitored because he continues to see police officers when he is driving, transit officers when he is on public transit, and amazon delivery vans wherever he goes.

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *Id*. at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328). The Court finds Plaintiff's complaint both fails to

4

20-cv-58-CAB-BGS

state a claim as it consists primarily of Plaintiff's unsubstantiated beliefs with no intelligible factual support and is plainly frivolous because Plaintiff's allegations "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Therefore, Plaintiff's Complaint requires *sua sponte* dismissal as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and without leave to amend. *See Lopez*, 203 F.3d at 1127 (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

## IV. CONCLUSION

Plaintiff's allegations are unintelligible, mostly conclusory, and fail to state a claim that is plausible. For the foregoing reasons, it is hereby ordered that Plaintiff's Motion to Proceed IFP is **GRANTED** and the Complaint is **DISMISSED without leave to amend** as frivolous and for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B).

It is **SO ORDERED**.

Dated: January 13, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge